**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELI REISMAN, individually and on behalf of a class of all persons and entities similarly situated, | CIVIL ACTION 1:23-cv-00620 |
| Plaintiff, | |
| v. | |
| NORTHEASTERN POWER AND GAS LLC, | |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Northeastern Power and Gas LLC ("NEPG" or "Defendant"), through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Class Action Complaint (the "Complaint") of Plaintiff Eli Reisman ("Plaintiff") (ECF No. 1) as follows:

**Preliminary Statement**[1]

1.      The allegations in paragraph 1 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to

---

[1]      For the Court's convenience, Defendant has incorporated the headings that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not admit the characterizations of such headings (unless specifically admitted herein) and does not waive any right to object to those characterizations.

the Telephone Consumer Protection Act of 1991 ("TCPA") and material quoted from the Supreme Court ruling in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020), which speak for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

2.      Defendant admits that Plaintiff purports to bring this action under the TCPA.  Except as expressly admitted, Defendant denies the allegation in this paragraph.

3.      Defendant admits that Plaintiff purports to bring this action as a class action.  Except as expressly admitted, Defendant denies the allegation in this paragraph.

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

## Parties

5.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and, therefore, denies them.

6.      Defendant admits the allegations in paragraph 6 of the Complaint.

## Jurisdiction & Venue

7.      The allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to invoke federal question jurisdiction.

8.      The allegations in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it does business in this District.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

9.      The allegations in paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

## The Telephone Consumer Protection Act

10.    The allegations in paragraph 10 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required.    To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself.   Except as expressly admitted, Defendant denies the allegations in this paragraph.

The TCPA Prohibits Automated Telemarketing Calls

11.    The allegations in paragraph 11 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required.    To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself.   Except as expressly admitted, Defendant denies the allegations in this paragraph.

12.    The allegations in paragraph 12 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required.    To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself.   Except as expressly admitted, Defendant denies the allegations in this paragraph.

13.    The allegations in paragraph 13 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required.    To the extent a response is required, Defendant admits that the allegations refer to the TCPA and findings by the FCC, which speak for themselves.   Except as expressly admitted, Defendant denies the allegations in this paragraph.

14.    The allegations in paragraph 14 of the Complaint are not well-

pleaded allegations of fact but state legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that the allegations refer to *In re Rules and Regulations Implementing the TCPA of 1991*, 27 FCC Rcd. 1830 (2012), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

15.     The allegations in paragraph 15 of the Complaint are not well-pleaded allegations of fact but state legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that the allegations refer to *In re Rules and Regulations Implementing the TCPA of 1991*, 27 FCC Rcd. 1830 (2012), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

### Factual Allegations

16.     Defendant admits the allegation in paragraph 16 of the Complaint.

17.     Defendant denies the allegation in this paragraph.

18.     Defendant denies the allegations in this paragraph.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21.     Defendant denies the allegations in this paragraph.

22.     Defendant denies the allegations in this paragraph.

23.     Defendant denies the allegations in this paragraph.

24.     Defendant denies the allegations in this paragraph.

25.     Defendant denies the allegations in this paragraph.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant denies the allegations in this paragraph.

29.     Defendant denies the allegations in this paragraph.

30.     Defendant denies the allegations in this paragraph.

## Class Action Statement

31.     Defendant admits that Plaintiff purports to bring this action on behalf of herself and certain classes pursuant to Fed. R. Civ. P. 23 as alleged in paragraph 31 of the Complaint.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

32.     Defendant admits that Plaintiff proposes a Class definition in paragraph 32 of the Complaint.  Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

33.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

34.     Defendant admits that Plaintiff purports to exclude certain individuals and entities from the putative classes in paragraph 33 of the Complaint.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

35.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

36.     The allegations in paragraph 36 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to seek injunctive relief and money damages.  Except as

expressly admitted, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

37.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

38.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

39.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

40.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

41.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

42.     Defendant denies the allegations in this paragraph (including every subpart) and denies that this case is an appropriate vehicle for a class action.

43.     Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

44.     The allegations in paragraph 44 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

45.     The allegations in paragraph 45 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to seek injunctive relief and money damages.  Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action.

46.     Defendant denies the allegations in this paragraph and denies that

this case is an appropriate vehicle for a class action.

47.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 47 of the Complaint and, therefore, denies them and denies that this case is an appropriate vehicle for a class action.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b) on behalf of the Robocall Class

48.     Defendant incorporates by reference paragraphs 1 through 47 above as though set forth in full herein.

49.     The allegations in paragraph 49 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

50.     The allegations in paragraph 50 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

51.     The allegations in paragraph 51 of the Complaint are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

52.     Defendant admits that Plaintiff purports to bring this action seeking injunctive relief as alleged in paragraph 31 of the Complaint.  Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that this case is an appropriate vehicle for a class action

## PRAYER FOR RELIEF

Defendant denies all allegations contained in the "WHEREFORE" section

of the Complaint, including all of its subparts and subparagraphs, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative, appointment of his attorneys as class counsel, damages, statutory relief, injunctive relief, declaratory relief, fees, costs, or any relief whatsoever against Defendant.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

Except as expressly admitted, Defendant denies each and every other allegation set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.  Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates they are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.  For example, Plaintiff fails to show that any calls allegedly received were those for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement

and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the alleged calls at issue were made with the recipients' prior express consent.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as contractors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable.  Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it.  For example, to the extent contractors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Defendant did not approve of that conduct.  As such, Defendant cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the TCPA renders the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## NINETEENTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiffs' TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure and therefore cannot maintain this action as a class action.  Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded

(and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Northeastern Power and Gas LLC prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

DATED:    March 20, 2023

**KABAT CHAPMAN & OZMER LLP**

*/s/ Michael D. Kabat*
Michael D. Kabat
New York Bar No. 836784
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Phone: (404) 400-7300
Fax: (404) 400-7333

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael D. Kabat*
Michael D. Kabat

*Counsel for Defendant*
