# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

March 22, 2023

**Via ECF**

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: **Reisman v. Northeastern Power and Gas LLC**
> **Docket No. 23-cv-620-LGS**
> *Joint Letter Regarding the Initial Pre-Trial Conference*

Dear Judge Schofield:

Per the Court's February 16, 2023 Order (ECF No. 8), the plaintiff Eli Reisman and defendant Northeastern Power and Gas LLC ("Northeastern Power") provide the below joint letter.

1. **One telephone call-in number for a conference call, and if necessary a passcode.**

The parties will be available on a conference line of 617-812-4542. No passcode is necessary.

2. **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

By Plaintiff: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012). Plaintiff Eli Reisman brings this putative class action under the TCPA alleging that Defendant Northeastern Power sent him pre-recorded

telemarketing calls on his residential line for purposes of promoting their goods and services without his prior express written consent.

The likely important factual and legal issues are the scope of the calling at issue and Northeastern Power's potential vicarious liability for the calling conduct of their vendors.

By Defendant: Contrary to Plaintiff's assertions, Northeastern Power makes no marketing calls. During the times relevant to the Complaint, Northeastern Power hired an independent contractor to provide marketing services. That vendor assured Northeastern Power repeatedly that it only accepted inbound calls and had no outbound calling operations. The agreement between Northeastern Power and the vendor required the vendor to comply with all applicable federal laws, including the TCPA. The vendor (not Northeastern Power) had sole responsibility for supervising its managers, employees, agents, and contractors, and Northeastern Power had no indication that the vendor was potentially not complying with its instructions until this lawsuit was filed, at which point Northeastern Power terminated the vendor out of an abundance of caution. For these and other reasons, Northeastern Power can be neither directly nor vicariously liable for any pre-recorded calls, to the extent they even occurred. This key threshold issue can be resolved through targeted, narrowly tailored discovery followed by an early dispositive motion.

3. **A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue.**

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. Venue is proper under 28 U.S.C. § 1391(b)(1) or (2) as the Defendant is headquartered in this District.

4. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

After sufficient discovery, the Plaintiff intends to file a motion for class certification. The Plaintiff opposes the bifurcation of discovery and submits that their will be substantial overlap between the individual merits and class certification discovery.

Defendant intends to file a motion for summary judgment because it cannot be held vicariously liable for the alleged TCPA violations. Only a limited amount of targeted discovery is required to demonstrate Defendant's lack of vicarious liability. As such, phasing discovery would significantly promote efficiency in this case, as explained below.

Hon. Lorna G. Schofield, U.S.D.J.<br>
March 22, 2023<br>
Page 3

5. **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings.**

The parties have already exchanged information regarding the vendor that contacted Mr. Reisman as well as the information Mr. Reisman has regarding the calls he received. In discovery, the Plaintiff will likely seek contracts, correspondence, prior complaints related to telemarketing conduct and other documents regarding the scope of the relationships between Northeastern Power and its vendors. Mr. Reisman will also seek to introduce records of telemarketing conduct of Northeastern Power or their vendors, which will likely be offered through expert testimony.

Defendant will seek simple discovery showing that it did not place the calls at issue and cannot be vicariously liable for the completely unauthorized actions of the party that did (to the extent the prerecorded calls even occurred). Defendant respectfully requests that the Court phase discovery such that the first 90 days of discovery are limited to information relevant to whether Defendant placed the calls and whether it can be vicariously liable for the actions of whomever did, and that Defendant be permitted to file a motion for summary judgment at the conclusion of that period. If Defendant's motion is denied, discovery could then proceed to all relevant topics, including class discovery. The benefits of this approach, which has been adopted by the Court in virtually every TCPA case presenting a vicarious liability defense in which the undersigned has been counsel—all of which were resolved before class discovery was necessary—are described further in the parties' Rule 26(f) conference report.

6. **A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii).**

Once liability has been established under the TCPA, Plaintiff will be entitled to statutory damages of $500 for each violation. *See* 47 U.S.C. § 227(b)(3). Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA. *Id.*

Defendant disputes that Plaintiff is entitled to any damages and does not claim any damages of its own at this time. However, Defendant reserves the right to seek reimbursement of attorneys' fees and costs and to assert third-party claims against any entity responsible for the alleged calls, which, again, were completely unauthorized.

7. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

Given the posture of the case, counsel for the parties have had conversations regarding the factual underpinnings of the telemarketing conduct at issue in this matter. The parties do not

Hon. Lorna G. Schofield, U.S.D.J.<br>
March 22, 2023<br>
Page 4

believe a settlement conference would be productive at this time.  However, as noted in the report, Plaintiff requests a private mediation at the conclusion of class discovery, and Defendant requests a settlement conference with a Magistrate Judge in approximately 90 days (around when phase 1 discovery closes).

**8. Any other information that the parties believe may assist this Court in resolving the action.**

None at this time.

Respectfully submitted,

PARONICH LAW, P.C.
s/ Anthony I. Paronich
Anthony I. Paronich
*Counsel for Plaintiff*

KABAT CHAPMAN & OZMER LLP
s/ Ryan D. Watstein
Ryan D. Watstein
*Counsel for Defendant*

cc (via ECF):
All counsel of record

Defendant's request to bifurcate discovery is DENIED.  The merits discovery Plaintiff represents that he intends to seek, including "contracts, correspondence, prior complaints related to telemarketing conduct and other documents regarding the scope of the relationships between Northeastern Power and its vendors," overlaps substantially with the scope of Defendant's proposed first phase of discovery.  In all but the most exceptional cases, the Court permits only one round of summary judgment motion practice, though that may occur before or after class certification depending on the circumstances.

By **March 29, 2023, at noon**, the parties shall file a revised joint proposed civil case management plan and scheduling order after attempting to agree on dates for a single phase of discovery.  The initial pretrial conference scheduled for March 29, 2023, is **ADJOURNED to April 5, 2023, at 4:20 P.M.**

So Ordered.

Dated: March 22, 2023
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE