```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ELI REISMAN,                                                :
                                        Plaintiff,          :
                                                            :           23 Civ. 620 (LGS)
                      -against-                             :
                                                            :                ORDER
NORTHEASTERN POWER AND GAS LLC,                             :
                                        Defendant.          :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, on May 4, 2023, Defendant Northeastern Power and Gas LLC ("NEPG") filed a motion for alternative service on Third-Party Defendants Mark Bassili and Electric Green Life Inc. ("EGL") by email and LinkedIn messenger. Defendant also moves to limit future communications from Mr. Bassili;

WHEREAS, Defendant alleges that Mr. Bassili has directed racist and harassing email communications toward NEPG's counsel, Ryan Watstein, and its President, Perry Wilson;

WHEREAS, Defendant states that it does not know Mr. Bassili's whereabouts;

WHEREAS, Defendant has engaged a Canadian process server to serve EGL, a Canadian corporation. As of Defendant's status report filed April 26, 2023, service attempts have been unsuccessful, although Defendant stated that it would continue its efforts to serve EGL. Defendant does not elaborate on the nature or extent of these efforts in its motion for alternative service of EGL;

WHEREAS, Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). In New York, when traditional methods of service, like personal service or so-called "nail and mail" service, prove "impracticable," service may be

made "in such manner as the court, upon motion without notice, directs." CPLR § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Experience Hendrix, LLC v. Hendrix*, No. 17 Civ. 1927, 2020 WL 6891519, at *2 (S.D.N.Y. Nov. 23, 2020) (internal quotation marks omitted);

WHEREAS, the Court may permit service by any other method that complies with constitutional due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). "[S]ervice by email . . . comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Courts have found the use of social media and email to be reasonable alternative means of service "where the defendants already have actual knowledge of the suit." *In re Terrorist Attacks on Sept. 11, 2001*, No. 3 Civ. 9848, 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022); *accord Hardin v. Tron Found.*, No. 20 Civ. 2804, 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (authorizing service by email and LinkedIn);

WHEREAS, Defendant has shown the impracticability of serving Mr. Bassili through traditional means of service. Despite being in contact with Defendant, Mr. Bassili has refused to provide an address for service, and Defendant has been unable otherwise to locate him. *See Tishman v. The Associated Press*, No. 5 Civ. 4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (finding service impracticable after defendant "despite being in communication with . . . plaintiff through his attorneys, refuse[d] to disclose his current residence or place of business");

WHEREAS, Defendant has demonstrated that an email is likely to reach Mr. Bassili, as Mr. Bassili has already communicated with Defendant through two separate email accounts. These prior communications show that Mr. Bassili is accessible by email, and likely to receive a summons if served that way.  The prior communications also show that Mr. Bassili "ha[s] actual knowledge of the suit," *see In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 1088567, at *3, as they involved discussion of the litigation and Defendant's efforts to serve Mr. Bassili.  Service through LinkedIn messenger is accordingly an appropriate alternative means of service.  Taken together, service through email and LinkedIn are reasonably calculated "to apprise [Mr. Bassili] of the pendency of the action" -- to the degree he is not already aware -- "and afford [him] an opportunity to present [his] objections."  *See Sirius XM Radio Inc.*, 339 F.R.D. at 593;

WHEREAS, Federal Rule of Civil Procedure 4(h) provides that a corporation "not within any judicial district of the United States" must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."  Rule 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," of which Canada is a signatory.  *See Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Priv. Int'l L., https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (Nov. 17, 2023);

WHEREAS, Defendant's memorandum of law does not address or acknowledge Defendant's attempts to serve Canadian corporation EGL through "internationally agreed means of service . . . such as those authorized by the Hague Convention."  Fed. R. Civ. P. 4(f)(1);

WHEREAS, Defendant alleges that Mr. Bassili has used contemptible language in his communications with Defendant's counsel and Mr. Wilson.  The Court has "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct."  *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *accord Doe 1 v. E. Side Club, LLC.*, No. 18 Civ. 11324, 2021 WL 2709346, at *20 (S.D.N.Y. July 1, 2021).  Sanctions may be imposed on parties who use "offensive, abusive, and insulting language."  *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014); *accord Komatsu v. City of New York*, No. 20 Civ. 10942, 2021 WL 3363553, at *4 (S.D.N.Y. Aug. 3, 2021) ("The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and inappropriate language.").

WHEREAS, Mr. Bassili's purported tirades have involved despicable racial slurs of the kind that have merited sanctions by this Court.  *See Komatsu*, 2021 WL 3363553, at *4.  The Court is nonetheless mindful that "the unequivocal rule in this circuit [is] that the district court may not impose [sanctions] without providing notice and an opportunity to be heard."  *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (affirming a filing injunction issued following such process); *accord Komatsu*, 2021 WL 336553, at *2.  Mr. Bassili must be served process and allowed to appear before such an opportunity may be conferred.  It is hereby

**ORDERED** that Defendant's motion for alternative service on Mr. Bassili is GRANTED.  Defendant shall serve Mr. Bassili via email sent to mark@electricgreenlife.com, wiserobo21@gmail.com and any other email addresses Defendant believes to be connected to Mr. Bassili, as well as via LinkedIn messenger.  It is further

**ORDERED** that Defendant's motion for alternative service on EGL is DENIED without prejudice to renewal.  It is further

**ORDERED** that Defendant's motion to limit future communication from Mr. Bassili is DENIED without prejudice to renewal.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 40.

Dated: May 9, 2023
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE