Re: Motion for leave to file a motion to intervene in *Reisman v. Northeastern Power and Gas LLC*, No. 23-cv-620 (LGS) (S.D.N.Y. May 9, 2023)

To:     U.S. District Judge Lorna Schofield

May 19, 2023

Judge Schofield,

      Pursuant to the pretextual 9/21/21 order that **a)** was issued by U.S. District Judge Valerie Caproni in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is shown as the first exhibit within the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party for the following reasons:

   1.  You committed substantial fraud on the court in this case partly by omitting highly incriminating facts about yourself and relevant case law while pretextually continuing to subject me to First Amendment retaliation by smearing my reputation through your remarks about me in your 5/9/23 decision in this case. I have every right to defend my reputation against such naked abuse. While issuing that decision, you fraudulently omitted the following relevant facts:

      a.     U.S. District Judge Valerie Caproni stated in her 8/30/21 order in *Komatsu v. City of New York*, No. 20-cv-10942 (VEC)(RWL)(S.D.N.Y. Jun. 17, 2022) that she didn't penalize me for offensive expression that I included in legal filings in that case.

      b.     Although **a)** *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966), **b)** *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977), and **c)** *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) required you to promptly and personally intervene on my behalf against federal court security officers ("CSOs") and personnel of the U.S. Marshals Service ("USMS") in response to my 7/20/18 filing in *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) (hereinafter referred to as "K1"), you illegally didn't. Also, the transcript of my 10/31/19 conference with U.S. District Judge Gabriel Gorenstein in K1 confirms that when he told me then that he didn't have any legal authority to issue an order against the USMS, that confirmed that you lied in your 11/9/18 order in *Komatsu v. NTT Data, Inc.*, No. 15-cv-7007 (LGS)(S.D.N.Y. May 17, 2016) by claiming that you properly dealt with my 7/20/18 filing in K1 by delegating that matter to Judge Gorenstein.

      c.     Although **a)** CSOs that include Ralph Morales and Joanne Fundaro repeatedly called me "faggot" and "Bitch-Boy" inside of federal courthouses in New York City since 2018 with impunity and **b)** Mr. Morales illegally recorded a video of me inside of the Daniel Patrick Moynihan courthouse on 9/21/18 with an Apple Watch device, you discriminatorily refused to authorize me to record videos of them with a cell phone in those same courthouses partly while they would be verbally and/or physically abusive towards me. That illegally deprived me of my right to be properly heard by you in K1 to consider mitigating factors before you pretextually and illegally dismissed K1.

s_/Towaki Komatsu        1068 Franklin Ave.        Tel: 305-784-7450
                         Bronx, NY 10452          E-mail: Towaki_Komatsu@yahoo.com

# Exhibit A

Case 1:15-cv-03783-VEC Document 146 Filed 09/02/21 Page 4 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN MORRIS; RICHARD EMMETT; ROSELLE DIAZ; KEVIN FAISON; SHANIQUA JACKSON; CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK; AND COALITION FOR THE HOMELESS, *for themselves and on behalf of all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; STEVEN BANKS, *as Commissioner of the New York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases, and various judges of this court have denied his motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

Date: September 2, 2021
      New York, NY

                                       **VALERIE CAPRONI**
                                       United States District Judge