IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
FOLEY SQUARE DIVISION

| | |
|---|---|
| ELI REISMAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHEASTERN POWER AND GAS LLC,<br><br>    Defendant and Third-Party Plaintiff.<br><br>v.<br><br>ELECTRIC GREEN LIFE INC., ELECTRIC GREEN LIFE LLC, and MARK BASSILI,<br><br>    Third-Party Defendants. | CIVIL ACTION 1:23-cv-00620 |

## ~~[PROPOSED]~~ DEFAULT JUDGMENT

Before the Court is Third-Party Plaintiff Northeastern Power & Gas, LLC's ("NEPG") Order to Show Cause for Default Judgment against Third-Party Defendants Electric Green Life, LLC and Mark Bassili (collectively, EGL). The Court, having reviewed the Order to Show Cause, the Declaration of NEPG's counsel Ryan D. Watstein, including the exhibits attached thereto, and upon all prior papers and proceedings filed herein, it is hereby:

**ORDERED, ADJUDGED,** and **DECREED** that Default judgment is entered in favor of Northeastern Power & Gas, LLC, against Electric Green Life, LLC, and Mark Bassili as follows:

    1.    Electric Green Life, LLC, and Mark Bassili are jointly and severally liable to NEPG for any and all damages NEPG ultimately sustains in this litigation;

      2.      Electric Green Life, LLC and Mark Bassili are jointly and severally liable for NEPG's expenses incurred in this litigation, including all settlements and reasonable attorneys' fees and costs.

      3.      This Court reserves jurisdiction to determine the amount of damages, reasonable attorneys' fees and costs due to NEPG upon the conclusion of the underlying litigation wherein

The Third-Party Complaint (Dkt. 19) asserts a claim for contractual indemnification against Third-Party Defendants Electric Green Life Inc., Electric Green Life LLC ("EGL") and Mark Bassili.  Service was made on EGL on April 21, 2023 (Dkt. 39).  Service was made on Bassili on May 10, 2023 (Dkt. 42).  Neither EGL nor Bassili have appeared in this action or otherwise responded to the Third-Party Complaint.  Third-Party Defendants consented to personal jurisdiction by this Court in their contract with Third-Party Plaintiff Northeastern Power and Gas LLC ("Northeastern") (Dkt. 19-1 at 9).  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 76 (2d Cir. 2023) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements.").

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).  "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*; *accord Jordan v. Books*, No. 22 Civ. 6154, 2023 WL 4363003, at *2 (S.D.N.Y. July 6, 2023).

The Third-Party Complaint adequately alleges that EGL and Bassili entered into a valid and enforceable contract with Third-Party Plaintiff Northeastern Power and Gas LLC ("Northeastern").  Bassili signed that contract on behalf of EGL as its President and CEO.  In the contract, Third-Party Defendants agreed to comply with all applicable "local, state, and federal laws, regulations and executive orders" including the Telephone Consumer Protection Act ("TCPA").  The contract also contains a broad indemnification provision in which Third-Party Defendants agreed that they "shall jointly and severally indemnify, defend and hold harmless [Northeastern], its officers, affiliates, directors, shareholders, employees, representatives and/or agents from any Claims, liability, loss, cost, damage, fine, judgment, settlement or expense (including attorney's fees and litigation costs) arising out of [EGL's] or its owners', principals', employees', agents', advisors', workers', or other retained third parties' performance or non-performance of their duties or the exercise of their rights pursuant to this Agreement, the Consultant's breach of the terms of this Agreement, . . . or any other act or omission that results in any Claim against Company or its affiliates, directors, officers, employees, agents or assigns."  The Third-Party Complaint also alleges that EGL placed outgoing marketing calls in potential violation of the TCPA.  Northeastern never authorized these outgoing calls and terminated its relationship with EGL after this lawsuit was filed by a recipient of those calls.  Northeastern sent an indemnification demand to EGL on March 23, 2023.  EGL never responded.  Default judgment is granted on Third-Party Plaintiff's contractual indemnification claim.

An order referring the case for a damages inquest will issue separately.

Dated: August 14, 2023
      New York, New York

                                                                                  LORNA G. SCHOFIELD
                                                                   UNITED STATES DISTRICT JUDGE