UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELI REISMAN,
                            Plaintiff,

                -against-                       23 Civ. 620 (LGS)

                                              <u>ORDER</u>
NORTHEASTERN POWER AND GAS LLC,
                          Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

       WHEREAS, on May 4, 2023, Defendant Northeastern Power and Gas LLC ("NEPG") filed a motion for alternative service and to limit future communication from Third-Party Defendant Mark Bassili. That motion alleged that Mr. Bassili used contemptible and racist language in his communications with NEPG's counsel and its President, Perry Wilson. The May 9, 2023, Order granted NEPG's request for alternative service. It denied without prejudice to renewal NEPG's request to limit future communications from Mr. Bassili because Mr. Bassili had not yet been served or appeared and "the unequivocal rule in this circuit [is] that the district court may not impose [sanctions] without providing notice and an opportunity to be heard." *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

       WHEREAS, on August 14, 2023, default judgment was entered for NEPG against Third-Party Defendants Electric Green Life, LLC and Mark Bassili. The matter was then referred to Magistrate Judge Lehrburger for a damages inquest;

       WHEREAS, on October 13, 2023, Mr. Bassili entered a notice of pro se appearance on his own behalf.

       WHEREAS, on November 9, 2023, Mr. Bassili filed a letter and accompanying exhibits requesting that the default judgment be vacated and the matter be re-opened so that he may defend against NEPG's claims and file counterclaims against NEPG. Mr. Bassili's letter claimed that he no longer visits the Dallas, Texas address where physical service was made, and that,

because of a computer hack, he was unable to access the email or LinkedIn accounts where service was made pursuant to the May 9, 2023, Order granting NEPG's motion for alternative service.  On November 16, 2023, NEPG filed a brief opposing Mr. Bassili's request to vacate the default judgment.

WHEREAS, on November 15, 2023, NEPG filed a renewed emergency motion to limit further communication from Mr. Bassili.  The motion alleges that Mr. Bassili has continued to direct violent and harassing messages toward NEPG, its President and others involved in the case.  On November 24, 2023, NEPG filed a supplemental brief in support of its emergency motion, alleging further threats of violence by Mr. Bassili, as well as his use of despicable racial slurs.  NEPG filed numerous exhibits in support of these allegations.  NEPG seeks an order enjoining Mr. Bassili from contacting the parties directly; requiring Mr. Bassili to contact only NEPG's counsel, Ryan Watstein, for the purposes of this litigation; enjoining Mr. Bassili from further communications to counsel involving threatening or racist language and requiring Mr. Bassili to pay the attorneys' fees associated with the renewed motion;

WHEREAS, the Court has "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct." *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995); *accord Doe 1 v. E. Side Club, LLC.*, No. 18 Civ. 11324, 2021 WL 2709346, at *20 (S.D.N.Y. July 1, 2021).  To impose sanctions under its inherent authority, a trial court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *accord In re Hornbeam Corp.*, No. 14 Misc. 424, 2022 WL 60313, at *4 (S.D.N.Y. Jan. 6, 2022).  Sanctions may be imposed on parties who use "offensive, abusive, and insulting language." *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014); *accord Komatsu v. City of New York*, No. 20 Civ. 10942, 2021 WL 3363553, at *4 (S.D.N.Y. Aug. 3, 2021) ("The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and

inappropriate language."). It is within the power of the district court to impose monetary sanctions on pro se parties who continue to make offensive statements despite warnings to the contrary. *See, e.g.*, *Hough v. Maraj*, No. 21 Civ. 4568, 2023 WL 7687243, at *6 (E.D.N.Y. Mar. 30, 2023) (collecting cases); *Azkour v. Little Rest Twelve*, No. 10 Civ. 4132, 2014 WL 12779561, at *3 (S.D.N.Y. June 2, 2014) (warning of a $5,000 sanction for each violation of an order instructing pro se plaintiff to refrain from further offensive statements).

WHEREAS threats of violence and the use of racist language toward another party or their counsel are "entirely without color," as they lack any cognizable legal or factual basis. *See Scivantage*, 564 F.3d at 114. Such tirades are clearly "motivated by improper purposes" and have no place in a legal proceeding. *See id.* The exhibits submitted by NEPG, primarily copies of emails sent by Mr. Bassili, provide clear evidence of Mr. Bassili's continued harassment. It is hereby

**ORDERED** that Mr. Bassili's motion to vacate the default judgment is referred to Judge Lehrburger. A referral order will issue separately. It is further

**ORDERED** that Mr. Bassili shall direct all future communications with NEPG (including its President, other officers, employees and representatives) related to this litigation to NEPG's counsel, Mr. Watstein. Mr. Bassili shall refrain from making offensive statements in his communications with Mr. Watstein. Violation of this order may result in sanctions, including monetary sanctions for each violation. It is further

**ORDERED** that NEPG's request for attorneys' fees associated with the emergency motion is DENIED without prejudice to renewal upon changed circumstances at a later date.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 78.

Dated: November 29, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE